## MILLER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 10, October Term, 1956 (Adv.).]

*Decided July 27, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

Kenneth E. Miller has applied here for leave to appeal from the refusal of a writ of *habeas corpus.*

Petitioner was tried in the Criminal Court of Baltimore in June, 1955, on charges of burglary and larceny. He was found guilty and was sentenced to the Maryland House of Correction for a term of two years, the term to date from April 29, 1955. On January 23, 1956, he pleaded guilty in the Circuit Court for Anne Arundel County to the charge of having escaped from the House of Correction on October 12, 1955. The Court thereupon sentenced him to serve an additional term of six months to begin at the expiration of the two-year term.

Petitioner claims that he did not escape from the House of Correction, but that the keeper at that institution opened a door to let him out. He claims that he had intended to plead not guilty and to ask the Court for trial by jury and an attorney to defend him; but that on the day before the trial a guard at the House of Correction advised him that "no counsel could help him," and that he might "just as well plead guilty."

Petitioner did not allege any circumstances that required the appointment of an attorney. He had an opportunity to ask for trial by jury and an attorney to defend him, but he elected to plead guilty. The burden is on a petitioner for *habeas corpus* to allege facts tending to show that for want of counsel an ingredient of unfairness operated actively in the process that resulted in his imprisonment. *Friedel v. Warden of Maryland Penitentiary,* 205 Md. 657, 109 A. 2d 50.

Moreover, the two-year term has not expired. His application for a writ of *habeas corpus* was premature. *Roberts v. Warden of Maryland Penitentiary*, 206 Md. 246, 255, 111 A. 2d 597.

Petitioner also contends that he was put in double jeopardy because he was placed in solitary confinement for about thirty days as punishment for his escape. The defense of double jeopardy in a criminal prosecution cannot be raised on *habeas corpus*. *Bowen v. Warden of Maryland House of Correction*, 201 Md. 649, 92 A. 2d 384; *Zimmerman v. Warden of Maryland House of Correction*, 201 Md. 645, 92 A. 2d 450; *Spence v. Warden of Maryland House of Correction*, 204 Md. 661, 103 A. 2d 345; *Alisworth v. Warden of Maryland Penitentiary*, 205 Md. 635, 109 A. 2d 55; *Leek v. Warden of Maryland House of Correction*, 205 Md. 641, 109 A. 2d 57, *certiorari* dismissed 348 U. S. 945, 75 S. Ct. 434, 99 L. Ed. 739.

*Application denied, with costs.*